BRACKMANN COMMUNICATIONS, INC. ET AL., APPELLANTS, *v.* RITTER ET AL., APPELLEES.

(No. CA86-08-050—Decided August 3, 1987.)

*Lyons & Fries Co., L.P.A.,* and *William J. Mulvey,* for appellants.
*Chris Erhardt,* for appellees.

*Per Curiam.* This cause came on to be heard upon the appeal from the County Court of Clermont County.

This is an appeal by plaintiffs-appellants, Brackmann Communications, Inc. and others, from a decision of the County Court of Clermont County which dismissed appellants' breach of contract complaint for $2,291 against defendants-appellees, Carl E. Ritter and others.

On December 12, 1984, appellants and appellees executed a "Sales Agreement" for a lease[1] or purchase of certain telephone equipment which was to be installed at appellees' business premises. The executed Sales Agreement incorporated into the transaction a "Sales Order" and a "Bid Proposal" which are frequently

---

[1] The Sales Agreement also provided for an alternative means of financing in which appellants would sell the equipment to an undisclosed third party who would in turn lease it to appellees on undisclosed terms.

referred to in the body of the agreement. The Sales Order described the equipment appellants were selling to appellees and were to install at their premises while the Bid Proposal, according to the Sales Agreement, set forth both the specifications for the work and the terms of purchase.

When appellants' case came on for trial on June 23, 1986, they produced a Sales Agreement which Ada Ritter admitted having signed on behalf of appellees. Appellants also produced a purchase order not signed by any of the appellees for equipment worth $2,291. Appellants submitted this was the Sales Order referred to in the Sales Agreement. However, appellants failed to produce a Bid Proposal for this job even though their principal witness searched his file for it while he was on the witness stand.

At the conclusion of appellants' case, the trial judge orally granted appellees' motion to dismiss. Dissatisfied with this decision, appellants brought this appeal.

In their brief appellants assign two errors in the proceedings below:

"The trial court erred in determining that no contract was entered into between the parties.

"The trial court erred in entering judgment against Brackmann Communications, Inc. in favor of Carl E. Ritter, Ada Ritter, and Carl Ritter Oil Company."

In examining the record in the case *sub judice,* we find that the trial court orally granted appellees' motion to dismiss from the bench. Subsequently, a motion for findings of fact and conclusions of law was filed by appellants. On July 1, 1986, the trial court ordered both parties to submit proposed findings of fact and conclusions of law. See Civ. R. 52.

The next item in the record is a document in a legal format signed by one Mildred Hoh as a Deputy Clerk of the Civil Division of the County Court of Clermont County. It bears no file stamp and contains no indication of its mailing to either counsel. The document states:

"GENTLEMEN:

"Per Judge Michael Voris:

"The court adopts defendants' findings of fact and conclusion[s] of law as its findings.

"Exceptions to the defendant[s].

"Clermont County Courts

"Civil Division

"/s/ Mildred Hoh, Deputy"

A court of appeals has jurisdiction to hear an appeal in a civil case upon the filing of a notice of appeal with the clerk of courts within thirty days of the date of the entry of the judgment or order appealed from. App. R. 4(A). While the appellate rules do not define a final judgment or order, Civ. R. 58 provides a starting point. It states:

"* * * [U]pon a decision announced, the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it. A judgment is effective only when filed with the clerk for journalization. Entry of the judgment shall not be delayed for the taxing of costs."

The case *sub judice* contains no judgment entry meeting the criteria of Civ. R. 58. At best, there is a copy of a case jacket bearing the handwriting of an unknown person, presumably the trial judge, with various dates and notations. While these notations may have been intended by the trial court to constitute judgment entries, they do not comply with Civ. R. 58 because they do not bear the judge's signature or any file stamp indicating the entering of the noted information on the court's journal, the latter act being crucial in determining the proper time period for the filing of a notice of appeal. Civ. R. 58; *Toledo* v. *Fogel* (1985), 20 Ohio App. 3d 146, 20 OBR 180, 485 N.E. 2d 302, paragraph two of the syllabus; *In re Hopple* (1983), 13 Ohio

App. 3d 54, 13 OBR 58, 468 N.E. 2d 129.

With unexpressed consternation, this court has noted an unfortunate tendency on the part of some municipal and county courts to deviate from the requirements of the Civil Rules, particularly with regard to judgment entries. However, simply because the amount in controversy is not large does not justify abandoning basic procedural formalities. Whether it be a county or common pleas court, a basic tenet of Ohio jurisprudence remains that a court speaks only through its journal. *State, ex rel. Indus. Comm.*, v. *Day* (1940), 136 Ohio St. 477, 17 O.O. 86, 26 N.E. 2d 1014. Whether it be a county court or a common pleas court, the Ohio Rules of Civil Procedure, including Civ. R. 58, must be followed and obeyed where they are applicable. Accordingly, we hold that handwritten notes on a case jacket or file do not constitute a final judgment entry, and this court will no longer accept notations on a case jacket or file in lieu of a judgment entry meeting the requirements of Civ. R. 58. *William Cherry Trust* v. *Hofmann* (1985), 22 Ohio App. 3d 100, 22 OBR 288, 489 N.E. 2d 832.

In all civil cases appealed to this court, therefore, a formal final journal entry or order must be prepared which contains the following:

1. the case caption and number;

2. a designation as a decision or judgment entry or both;

3. a clear pronouncement of the court's judgment and its rationale if the entry is combined with a decision or opinion;

4. the judge's signature;

5. a time stamp indicating the filing of the judgment with the clerk for journalization; and

6. where applicable, a Civ. R. 54(B) determination and Civ. R. 54(B) language.

Only by compliance with the above formalities can this court be assured it is correctly and completely informed of the trial court's judgment or other order from which an appeal is being taken.

Turning to the case *sub judice,* we find the entry signed by Mildred Hoh is not a final judgment from which an appeal may be taken because it is not signed by the trial judge and because it fails to state the entry of judgment in favor of either party. See Civ. R. 58. It is also internally inconsistent; *i.e.,* if the court adopts the defendants' findings of fact and conclusions of law, why are exceptions noted to the *defendant[s]*?

Even if we were to improperly treat this document as a judgment entry, we have no file-stamp date from which to determine the timeliness of this appeal and our own jurisdiction to hear the case. See Civ. R. 58.

Due to the lack of a final appealable order, this appeal must be and is dismissed.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, dismissed.

*Appeal dismissed.*

KOEHLER, P.J., HENDRICKSON and CASTLE, JJ., concur.

CASTLE, J., retired, of the Twelfth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.