OPINION
This is an accelerated calendar appeal taken from a final judgment of the Trumbull County Court, Eastern Division. Appellant, Karl Moore, appeals from the trial court's denial of his motion to set aside a default judgment and dismissal of his counterclaim. For the reasons that follow, we affirm the judgment of the trial court.
On June 29, 1999, appellees, Brian and Carol Lee Biela, filed a small claims action in the Trumbull County Court, Central Division, against appellant for $2,174.22. In the complaint, appellees alleged that appellant, doing business as Countryside Carpets, had failed to satisfactorily install carpet in their home. On July 12, 1999, appellant filed a counterclaim in which he alleged that appellees owed him $549.22, which represented the unpaid balance on the parties' installation contract. Both parties proceeded in the matter pro se.
The case was transferred to the Eastern Division of the Trumbull County Court on August 6, 1999. There, the trial court scheduled a hearing on the matter for August 13, 1999. Appellant, however, failed to appear. As a result, the trial court granted appellees a default judgment in the amount of $2,174.22 plus interest, and dismissed appellant's counterclaim for failure to prosecute.
On September 13, 1999, appellant sent a letter to the trial court asking the judge to reconsider its August 13, 1999 default judgment. In his letter, appellant claimed that he was unable to attend the hearing because he was recovering from a foot injury. The trial court construed appellant's request as a motion to set aside the default judgment and scheduled a hearing on the motion for October 18, 1999.
In a judgment entry dated October 18, 1999, the trial court found that appellant did not have valid grounds to justify setting aside the default
judgment. The trial court, nevertheless, gave appellant the option to reimburse appellees for their losses sustained as a result of his failure to appear at the August 13, 1999 hearing. If appellant complied, the trial court would then set the matter for trial. However, if appellant did not comply, appellant's motion to set aside the default judgment would be denied.
Appellant retained an attorney and subsequently filed two timely notices of appeal on November 18, 1999. After reviewing appellant's submissions, this court determined that the papers attached to appellant's notices of appeal did not satisfy the criteria for a formal judgment entry or order. Accordingly, we remanded the matter so the trial court could issue a nunc pro tunc judgment entry setting out its decision in accordance with Brackmann Communications, Inc. v. Ritter
(1987), 38 Ohio App.3d 107.
On January 6, 2000, the trial court issued a judgment entry complying with Brackmann Communications, and the case proceeded according to rule. Appellant now raises the following assignment of error for our consideration:[1]
 "Whether the Trial Court erred by refusing to set aside its default judgment, entry of dismissal and granting Appellant a new trial pursuant to Rule 60 of the Ohio Rules of Civil Procedure[.]"
Although not raised by appellant, the trial court's decision is incorrectly characterized as a default judgment in the transcript of the docket and in the trial court's judgment entries. A default judgment would not be proper in the instant action because under Civ.R. 55, a default judgment may only be granted where the party has failed to plead or otherwise defend the action. Ohio Valley Radiology Assoc., Inc. v.Ohio Valley Hosp. Assn. (1986), 28 Ohio St.3d 118. See, also, Tribby v.Gudzinas (Feb. 15, 1991), Trumbull App. No. 90-T-4403, unreported, 1991 Ohio App. LEXIS 675.
In a small claims action, however, a defending party has no obligation to file a responsive pleading unless he intends to either file a counterclaim or remove the matter to the common pleas court. Although a responsive pleading is not always necessary, under R.C. 1925.12 a trial court may dismiss a small claims action (and presumably a counterclaim) for want of prosecution.
Here, appellant, the defendant, filed a counterclaim. As a result, the trial court could not enter a default judgment against him for his failure to appear at the hearing. Instead, the Supreme Court of Ohio has explained the procedure to be followed when a party fails to appear after filing a responsive pleading:
 "The proper action for a court to take when a defending party who has pleaded fails to show for trial is to require the party seeking relief to proceed ex parte in the opponent's absence. Such a procedure, which requires affirmative proof of the essential elements of a claim, is diametrically opposed to the concept of default, which is based upon admission and which therefore obviates the need for proof. This is because ex parte trials, when properly conducted, are truly trials in the sense of the definition contained in R.C. 2311.01. That is, they are `judicial examination[s] of the issues whether of law or of fact, in an action or proceeding.' `Issues' are defined in R.C. 2311.02 as follows: `Issues arise on the pleadings where a fact or conclusion of law is maintained by one party and controverted by the other. * * *' It is clear that any judgment based upon an ex parte trial is a judgment after trial pursuant to Civ.R. 58, and not a default judgment under Civ.R. 55." Ohio Valley Radiology at 122.
Nevertheless, even if the trial court treated the August 13, 1999 hearing as a default hearing and not as an ex parte trial, any error is harmless because the hearing on October 18, 1999 provided appellant with an opportunity to be heard regarding any previous irregularity concerning the judgment against appellant and the dismissal of his counterclaims.Ohio Valley Radiology, supra.
Appellant, unfortunately, has failed to file a transcript of the trial court proceedings with this appeal. The failure to do so is important because to prevail on appeal, an appellant must affirmatively demonstrate, through reference to the record, that the trial court committed error. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199; Buckley v. Ollila (Mar. 3, 2000), Trumbull App. No. 98-T-0177, unreported, at 3, 2000 Ohio App. LEXIS 787.
If a transcript of the proceedings is unavailable, the appellant may submit a statement of the evidence before the trial court or an agreed statement of the facts as the record on appeal in the manner set out in App.R. 9(C) and (D). Appellant, however, has failed to supply this court with either a transcript of the October 18, 1999 hearing or a statement which conforms with App.R. 9(C) or (D). Rather, he simply included his version of the hearing for the first time on appeal.
In his defense, appellant maintains that the hearing in question was never transcribed or recorded. However, it was appellant's duty to provide a record of the proceedings conducted in the trial court necessary for the resolution of his appeal, even if, though no fault of his own, a verbatim copy of the proceedings was unavailable. Buckley at 7.
Without a transcript or authorized substitute, we are unable to address the merits of appellant's assigned error. Yancey v. Haehn (Mar. 3, 2000), Geauga App. No. 99-G-2210, unreported, at 8, 2000 Ohio App. LEXIS 788. Thus, absent evidence to the contrary, this court will presume the regularity of the trial court in failing to set aside its judgment on the merits and entry of dismissal as to the counterclaims. Knapp at 199.[2]
Appellant's sole assignment of error is, therefore, without merit.
Based on the forgoing analysis, the judgment of the trial court is affirmed.
 ______________________________________ JUDITH A. CHRISTLEY, JUDGE
FORD, P.J., NADER, J., concur.
[1] This court sua sponte consolidated the appeals for all purposes.
[2] Even if appellant had filed a transcript of the hearing or an authorized substitute, he has not demonstrated that if his failure to appear was excusable neglect, he had a meritorious defense or claim to present. GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus.