[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Timothy Walker, a minor child, appeals the judgment of the Hamilton County Juvenile Court imposing a suspended sentence committing him to the Department of Youth Services until the age of twenty-one. Because the record before us does not contain an entry originally sentencing Walker to the Department of Youth Services, or an entry suspending that commitment, we hold that the juvenile court's entry imposing the suspended commitment was a nullity and, thus, void. Accordingly, we reverse the judgment of the lower court.
On October 21, 1998, a complaint was filed against Walker alleging that he had committed rape in violation of R.C. 2907.02, a first-degree felony if committed by an adult. Walker admitted this charge and was adjudicated delinquent on November 4, 1998. According to the transcript of the disposition hearing of January 13, 1999, the juvenile court ordered Walker permanently committed to the Department of Youth Services ("DYS"), but, upon learning that Walker was in the custody of the Department of Health and Human Services ("DHS"), suspended Walker's commitment so that DHS could place Walker in Resolute, a secured treatment facility for juvenile sex offenders.
According to the transcripts before us, upon successful completion of the yearlong program at Resolute, Walker was placed in the Kelly Group home. In September 2001, Walker was brought before the juvenile court on a charge of possessing a counterfeit controlled substance and was adjudicated delinquent. At the October 13, 2001, disposition hearing for that charge, the juvenile court decided to "close that case out," and, instead, impose the suspended sentence for the rape charge. It is from this order imposing the suspended sentence that Walker timely appeals.
Walker raises three assignments of error, arguing that the juvenile court erred in revoking his probation, that his original admission of rape was not knowingly and intelligently made and that credit for the number of days he had served in detention was miscalculated. We find all the assignments of error moot, as there was never a judgment entry committing Walker to DYS or suspending that commitment.
The record before us contains only a handwritten entry, dated January 13, 1999, the date of the disposition hearing for the rape charge, stating "Atty, GAL and mother" and "see 98-19928." Haphazardly placed below the entry is a barely legible stamp with these words: "suspended permanent commitment to the department of youth services." Based on the appellate briefs and the transcripts, we have determined that the number notation refers to a case in which Walker was charged with gross sexual imposition. The gross-sexual-imposition charge and the rape charge were assigned different case numbers and then consolidated for the adjudication and disposition hearings in November 1998. Apparently, the case numbered 98-19922 contains the judgment entry committing Walker to DYS and the entry suspending that commitment. But the record in case number 98-19922 is not before us, because the juvenile court chose not to impose the suspended sentence on the gross-sexual-imposition charge, but on the rape charge, which is the separate case numbered 98-19925.
The record in the case sub judice does not contain any judgment entry committing Walker to DYS or suspending that commitment. Although there is a stamp affixed to the record indicating that commitment to DYS had been suspended, we have no way to know if that was even the court's order, as the court did not sign that stamp.[1] Further, we cannot rely on the trial court's comments at the 1999 disposition hearing ordering Walker committed to DYS and then suspending that commitment, because it is well settled that a trial court speaks only through properly journalized entries.[2] Accordingly, the juvenile court had no jurisdiction to reimpose a commitment it had never formally ordered.
Therefore, the judgment of the trial court is reversed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Doan and Hildebrandt, JJ.
[1] See Civ.R. 58(A) and Crim.R. 32(C).
[2] State v. King, 70 Ohio St.3d 158, 1994-Ohio-412, 637 N.E.2d 903;Brackman Communications, Inc. v. Ritter (1987), 38 Ohio App.3d 107, 109,526 N.E.2d 823.