{¶ 28} Having participated in Kaiser I and now in Kaiser II and having no desire to participate in a Kaiser III, I write separately to concur in part and respectfully dissent in part.
 {¶ 29} Initially, I am compelled to take issue with the majority's reference to the trial court's "judgment entry." The trial court failed to make any order whatsoever in response to the remand that could qualify as a judgment. A judgment entry must set forth the pronouncement of the court's judgment in a clear and concise manner. Brackmann v.Communications, Inc. v. Ritter (1987), 38 Ohio App.3d 107, 109; see, also, Rogoff v. King (1993), Ohio App.3d 438, 449; Civ.R. 58(A). The writing at issue does neither.
 {¶ 30} I, nonetheless, agree with the majority that there is no analysis as to why $2,000 is the appropriate level of monthly support. There is no definition of what actually is an "upper income bracket" as referenced by the trial court. The trial court did not engage in an appropriate analysis of the tax consequences and, in fact, makes several misstatements. To be sure, the defendant-husband receives a tax deduction for spousal support. However, the defendant-husband cannot file as head of household for further tax savings as claimed by the trial court, not having possession of the children a requisite percentage of the time.
 {¶ 31} Finally, a review of the trial court's response to the original remand in Kaiser I seems to indicate that the court did not even implicitly order either party to be responsible for the payment of tuition. Be that as it may, it is clear from the record that neither household has sufficient income to afford private school tuition for four children.