OPINION
{¶ 1} Defendant-appellant LaDonna Dunham Porter appeals from the March 30, 2005, judgment of the Mansfield Municipal Court granting summary judgment in favor of plaintiff-appellee John Flores.
 STATEMENT OF FACTS AND LAW {¶ 2} On December 1, 2005 appellee filed a complaint in the Mansfield Municipal Court alleging that he had performed plumbing and electrical work for the appellant for which he had not been paid. On December 30, 2005, appellant, acting pro se, sent a hand-written letter to the court in which she stated that she paid the appellee for the electrical services, that she had documentation of her payment for the electrical services, and that appellee did not perform the plumbing services and therefore no payment for plumbing services was made. On January 3, 2006, the trial court accepted appellant's hand-written letter as an appearance and assigned the case to a judge.
 {¶ 3} On January 9, 2006, appellee filed a motion for summary judgment in which he argued that appellant's claim that she paid for the electrical services was fraudulent, and to which he attached the affidavit of Terry Mitchell, a non-party witness. On March 1, 2006, the trial court issued a judgment entry in which it remanded the case to the magistrate. On the same date, the magistrate issued an order which set forth a briefing schedule on appellee's motion for summary judgment. A copy of the magistrate's March 1, 2006, order was sent by regular mail to appellant. Appellant did not file a brief in opposition to appellee's motion. On March 30, 2006, the trial court issued a judgment entry in which it granted appellee's motion for summary judgment without discussion. The judge's signature was rubber-stamped on the judgment entry. Appellant filed a timely appeal, and sets forth the following assignment of error:
 {¶ 4} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR TO THE APPELLANT WHEN SUMMARY JUDGMENT WAS GRANTED FOR THE APPELLEE WHEN GENUINE ISSUES OF MATERIAL FACT EXISTED IN THIS MATTER."
 {¶ 5} In her sole assignment of error appellant argues that the trial court erred in granting appellee's motion for summary judgment. We are, however, unable to rule on appellant's assignment of error, as we must dismiss the appeal for lack of a final appealable order.
 {¶ 6} Rule 58 of the Ohio Rules of Civil Procedure provides for entries of judgment, and states in pertinent part:
 {¶ 7} "(A) Preparation; entry; effect
 {¶ 8} "Subject to the provisions of Rule 54(B), upon a general verdict of a jury, upon a decision announced, or upon the determination of a periodic payment plan, the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it upon the journal. A judgment is effective only when entered by the clerk upon the journal. . . ." (Underlining added.)
 {¶ 9} In the case sub judice, the March 30, 2006, judgment entry was not signed by the trial judge, but rather, was rubber-stamped with the trial judge's signature. However, a rubber-stamp signature is not sufficient to comply with Civ. R. 58(A).
 {¶ 10} The issue of a rubber-stamp signature was addressed by the Eighth District Court of Appeals in the case of In re Mitchell (1994),93 Ohio App.3d 153, 637 N.E.2d 989: "This court will not accept a rubber stamp in lieu of a judge's signature. Civ.R. 58(A) clearly mandates that once a decision has been announced, the court shall cause the judgment to be prepared and sign the judgment. As the judgment entry was not signed by the trial court, it is not a final appealable order, and is invalid for appellate purposes." Id. at 154.
 {¶ 11} The Mitchell court based its decision in part on the Twelfth District Court of Appeals case of Brackmann Communications, Inc. v.Ritter (1987), 38 Ohio App.3d 107, 526 N.E.2d 823, in which the court found that a judgment entry that was not signed by the trial judge was not a final appealable order. The Brackmann court stated:
 {¶ 12} ". . . simply because the amount in controversy is not large does not justify abandoning basic procedural formalities. Whether it be a county or common pleas court, a basic tenet of Ohio jurisprudence remains that a court speaks only through its journal . . . Whether it be a county court or a common pleas court, the Ohio Rules of Civil Procedure, including Civ.R. 58, must be followed and obeyed where they are applicable." Id. at 109. The Brackmann court thus held: "In all civil cases appealed to this court, therefore, a formal final journal entry or order must be prepared which contains the following: 1. the case caption and number; 2. a designation as a decision or judgment entry or both; 3. a clear pronouncement of the court's judgment and its rationale if the entry is combined with a decision or opinion; 4.the judge's signature; 5. a time stamp indicating the filing of the judgment with the clerk for journalization; and, 6. where applicable, a Civ.R. 54(B) determination and Civ.R. 54(B) language." (Underlining added.) Id. at 109.
 {¶ 13} In re Mitchell was followed by the court in the case of In theMatter of Carolyn Wheaton (Dec. 5, 1996), Cuyahoga App. No. 68568,1996 WL 695664, in which the court dismissed the appeal for lack of a final, appealable order because the trial judge's signature was rubber-stamped on the journal entry. Id. at *1.
 {¶ 14} We find the reasoning of the Eighth and Twelfth District Courts of Appeal persuasive. The judgment entry from which the appeal herein is taken does not bear the signature of the trial judge. Rather, the trial judge's signature was rubber-stamped on the judgment entry. It therefore does not comply with Rule 58, and is thus not a final appealable order.
 {¶ 15} While we have concerns about the sufficiency of the affidavit submitted in support of appellant's motion for summary judgment, we do not reach that issue today.
 {¶ 16} Because there is no final appealable order, the appeal is hereby dismissed.
Edwards, J., Hoffman, P.J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal is dismissed. Costs assessed to appellant.