[Cite as *Boulder Capital Group, Inc. v. Lawson*, 2013-Ohio-3270.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

| | | |
|---|---|---|
| BOULDER CAPITAL GROUP, INC. | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.  2012 CA 88 |
| v. | : | T.C. NO.  09CV07 |
| PHILLIP W. LAWSON, et al. | : | (Civil appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____26th_____ day of _____July_____, 2013.

. . . . . . . . . .

MATTHEW G. BURG, Atty. Reg. No. 0072556, 323 West Lakeside Avenue, Suite 200, Cleveland, Ohio 44113
         Attorney for Plaintiff-Appellee

RICHARD J. DONOVAN, Atty. Reg. No. 0060900, 200 East Campus View Blvd., Suite 200, Columbus, Ohio 43235
         Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}   Defendant-appellant Phillip W. Lawson appeals a decision of the Clark County Court of Common Pleas granting plaintiff-appellee Boulder Capital Group, Inc.'s

(hereinafter "BCG") motion for summary judgment and ordering Lawson to pay BCG damages in the amount of $220,136.28 plus costs. The trial court issued its final judgment entry awarding BCG damages on October 15, 2012. Lawson filed a notice of appeal with this Court December 6, 2012.

{¶ 2} On January 5, 2009, BCG filed a complaint against Lawson to collect the balance due on a lease agreement for car wash equipment utilized by Lawson at a gas station he operated in Columbus, Ohio. Lawson filed an answer to the complaint on February 4, 2009. On July 10, 2009, BCG filed a motion for summary judgment. Lawson filed a memorandum opposing BCG's motion for summary judgment on July 28, 2009. On December 20, 2011, the trial court overruled BCG's motion for summary judgment.

{¶ 3} With leave granted by the trial court, Lawson filed an amended answer to BCG's complaint on April 18, 2012. On June 18, 2012, Lawson filed a motion for summary judgment which the trial court subsequently overruled on July 12, 2012. Shortly thereafter on July 26, 2012, Lawson filed a second motion for summary judgment against BCG. On the same day, BCG filed its second motion for summary judgment against Lawson, but only regarding the issue of liability on the lease agreement. On August 30, 2012, the trial court granted BCG's motion for summary judgment thus finding Lawson liable for breach of the lease agreement. The trial court did not rule on Lawson's second motion for summary judgment.

{¶ 4} After a hearing held on September 21, 2012, the trial court issued a judgment against Lawson awarding damages to BCG for the balance remaining due on the lease on October 15, 2012. It is from this judgment that Lawson now appeals.

{¶ 5}    Because they are interrelated, Lawson's first and second assignments of error will be discussed together as follows:

{¶ 6}    "THE TRIAL COURT'S ENTRY OF FINAL JUDGMENT AWARDING DAMAGES TO BOULDER CAPITAL GROUP, FILED OCTOBER 15, 2012, WAS VOIDABLE FOR ITS FAILURE OF ACTUAL SIGNATURE – CIVIL RULE 58(A)(1)."

{¶ 7}    "THE TRIAL COURT'S FOREGOING GRANT OF SUMMARY JUDGMENT TO BOULDER CAPITAL GROUP AS TO LIABILITY, FILED AUGUST 30, 2012, WAS VOIDABLE FOR ITS OWN FAILURE OF ACTUAL SIGNATURE – CIVIL RULE 58(A)(1)."

{¶ 8}    In his first and second assignments, Lawson contends that the trial court ignored the requirements of Civ. R. 58(A)(1) when the judge failed to provide his handwritten signature to the final judgment entry awarding damages to BCG issued on October 15, 2012, and the judgment entry issued on August 30, 2012, finding Lawson liable on the lease agreement.   Upon review, it is evident that both judgment entries were "signed" using a rubber stamp bearing the judge's signature.

{¶ 9}    Rule 58 of the Ohio Rules of Civil Procedure provides for entries of judgment, and states in pertinent part:

(A) Preparation; entry; effect

Subject to the provisions of Rule 54(B), upon a general verdict of a jury, upon a decision announced, or upon the determination of a periodic payment plan, the court shall promptly cause the judgment to be prepared and, *the court having signed it,* the clerk shall thereupon enter it upon the journal. A judgment is effective only when entered by the clerk upon the journal.....

{¶ 10}   In the instant case, the August 30, 2012, and October 15, 2012, judgment entries were not signed by the trial judge, but rather, were rubber-stamped with the trial judge's signature. However, a rubber-stamp signature is not sufficient to comply with Civ. R. 58(A)(1).

{¶ 11}   The issue of a rubber-stamp signature was addressed by the Eighth District Court of Appeals in the case of *In re Mitchell*, 93 Ohio App.3d 153, 637 N.E.2d 989 (8th Dist.1994):

> This court will not accept a rubber stamp in lieu of a judge's signature.   Civ.
> R. 58(A) clearly mandates that once a decision has been announced, the court
> shall cause the judgment to be prepared and sign the judgment. As the
> judgment entry was not signed by the trial court, it is not a final appealable
> order, and is invalid for appellate purposes.   *Id.* at 154.

{¶ 12}   In *Platt v. Lander*, 2d Dist. Montgomery No. 12371, 1991 WL 76767 (May 7, 1991), we held that a rubber stamp of a judge's signature does not satisfy this rule's signature requirement.   In *Lamb v. Lamb*, 2d Dist. Montgomery No. 92-DM-1074, 2011-Ohio-2970, we recognized that "the lack of a signature on a judgment does not constitute a jurisdictional defect." *Id*. at ¶ 12.   Rather, "[i]t is an irregularity or defect which has no effect upon the jurisdiction of the trial court." *Id*.   However, we emphasized in *Lamb* that "*Platt* stands for the proposition that the voidable rubber-stamped order became final when no appeal was taken." *Id*. at ¶ 13.   Thus, Lawson correctly argues that the orders from which he appeals are voidable and non-final.   Several other Ohio appellate courts have held similarly. See, e.g., *Flores v. Porter*, 5th Dist. Richland No. 2006-CA-42, 2007-Ohio-481, at ¶14 ("[T]he trial judge's signature was rubber-stamped on the judgment entry. It therefore

does not comply with Rule 58."); *Rescue Temple Church of God v. Jones*, 9th Dist. Summit No. 15412, 1992 WL 154076 (July 1, 1992) ("The rubber-stamped facsimile of a judge's signature does not satisfy Civil Rule 58.").

{¶ 13}   The judgment entries from which the appeal herein is taken do not bear the signature of the trial judge. Rather, the trial judge's signature was rubber-stamped on the judgment entries. It therefore does not comply with Civ. R. 58(A) and is thus not a final appealable order.   Because there is no final appealable order, the appeal is hereby dismissed, and Lawson's remaining assignments are rendered moot.

. . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

Matthew G. Burg
Richard J. Donovan
Hon. Richard J. O'Neill