[Cite as *In re Estate of Weeks*, 2014-Ohio-3371.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

ESTATE OF ESTHER C. WEEKS,

DECEASED

JUDGES:
Hon. William B. Hoffman, P.J.
Hon. W. Scott Gwin, J.
Hon. John W. Wise, J.

Case No. 2013CA00206

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Probate Division, Case No. 218539 |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | July 28, 2014 |

APPEARANCES:

| For Appellants | For Appellee |
|---|---|
| CRAIG T. CONLEY | MICHAEL A. THOMPSON |
| 604 Huntington Plaza | Crescent Pointe Building |
| 220 Market Avenue South | 4774 Munson Street N.W., Suite 400 |
| Canton, Ohio 44702 | Canton, Ohio 44718 |

[Cite as *In re Estate of Weeks*, 2014-Ohio-3371.]

*Hoffman, P.J.*

**{¶1}** Appellants Larry R. Calder and Linden M. Calder appeal the October 10, 2013 Judgment Entry entered by the Stark County Court of Common Pleas, Probate Division appointing Appellee Mary Stokes Administrator of the Estate of Esther C. Weeks and issuing Letters of Authority.

STATEMENT OF PROCEDURAL HISTORY[1]

**{¶2}** On July 10, 2013, Appellee Mary Stokes filed an Application for Authority to Administer the Estate of Esther C. Weeks, deceased, in the Stark County Court of Common Pleas, Probate Division. Appellant simultaneously filed a form entitled Surviving Spouse, Children, Next of Kin, Legatees and Devisees, which named three individuals as vested beneficiaries in decedent's will. Appellants comprise two of the named beneficiaries.

**{¶3}** The trial court scheduled a hearing on the appointment of fiduciary for July 25, 2013. Notice of the hearing was mailed via Certified Mail to Appellants on July 11, 2013. The Certified Mail was returned unclaimed. On August 16, 2013, Appellee filed a Request for Ordinary Mail Service, pursuant to Civil Rule 4.6. The record includes a Notice and Citation of Hearing on Appointment of Fiduciary set for September 3, 2013, listing Appellants' addresses identical to that listed on the previous certified mail notices.[2] On August 19, 2013, the clerk's docket reflects filing of Entry Setting Hearing and Ordering Notice Appoint of Fiduciary for September 3, 2013 at 8:45 a.m.

---

[1] A rendition of underlying facts is unnecessary for the resolution of this appeal.
[2] The change of the hearing date was necessitated by reason of the failure of service via certified mail.

Noticeably absent is any entry by the clerk of the fact of mailing of the notice on the docket.

{¶4} On September 3, 2013, Appellants filed objections to the appointment of fiduciary.[3]

{¶5} On September 3, 2013, Appellee filed a motion to dispense with bond. Via Judgment Entry of September 5, 2013, the trial court denied the motion to waive bond, and ordered bond set at $100,000.

{¶6} Via Entry of October 10, 2013, the trial court appointed Mary Stokes Administrator of the Estate of Esther C. Weeks and issued Letters of Authority. The trial judge's signature on the October 10, 2013 Entry is stamped and the stamped signature was then initialed by a deputy clerk.

{¶7} This appeal follows, assigning as error:

{¶8} "I. THE TRIAL COURT ERRED IN ITS AUGUST 19, 2013 ISSUANCE OF THE NOTICE AND CITATION OF HEARING ON APPOINTMENT OF FIDUCIARY, WHICH NOTICE AND CITATION IS NOW ON APPEAL TO THIS COURT.

{¶9} "II. THE TRIAL COURT ERRED IN ITS OCTOBER 10, 2013 ISSUANCE OF THE ENTRY APPOINTMENT FIDUCIARY; LETTERS OF AUTHORITY, WHICH ENTRY IS NOW ON APPEAL TO THIS COURT."

I. and II.

{¶10} We proceed in addressing the first and second assignments of error together as the assignments of error raise common and interrelated issues.

---

[3] The time stamp in the record does not indicate at what time Appellants filed their objections. Accordingly, we cannot determine from the record whether the objections were filed before or after the scheduled hearing.

**{¶11}** Appellants argue the trial court erred in issuing the notice of hearing on the appointment of fiduciary, and also in issuing the entry appointing the fiduciary herein.

**{¶12}** Appellants maintain notice of the hearing on the appointment of fiduciary was not properly served on Appellants. We agree.

**{¶13}** The trial court docket indicates notice of the hearing was sent via Certified Mail on July 11, 2013. The docket then indicates failure of service on August 6, 2013. On August 6, 2013, Appellee requested service via Ordinary Mail pursuant to Ohio Civil Rule 4.6(D) which reads,

**{¶14}** "(D) United States certified or express mail service unclaimed

**{¶15}** "If a United States certified or express mail envelope attempting service within or outside the state is returned with an endorsement stating that the envelope was unclaimed, the clerk shall forthwith notify the attorney of record or, if there is no attorney of record, the party at whose instance process was issued and enter the fact and method of notification on the appearance docket. If the attorney, or serving party, after notification by the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by United States ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. Answer day shall be twenty-eight days after the date of mailing as evidenced by the certificate of mailing. The clerk shall endorse this answer date upon the summons which is sent by ordinary mail. *Service shall be deemed complete when*

*the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery.* If the ordinary mail envelope is returned undelivered, the clerk shall forthwith notify the attorney, or serving party." (Emphasis added.)

**{¶16}** While the record reflects the filing of an Entry including a notice of hearing was sent to Appellants at their respective addresses on August 19, 2013, the clerk did not enter the fact of mailing on the docket. Accordingly, we find Appellants were not properly served via ordinary mail with notice of the hearing on appointment of fiduciary.

**{¶17}** Appellants' September 3, 2013 Notice of Objection states, in pertinent part,

**{¶18}** "At the outset, contrary to Applicant's representation to this Court that 'The estimated value of the estate' is $50,000.00, to the knowledge of Objectors, there are no probatable assets; and the subject July 10, 2013 Application is otherwise incomplete.

**{¶19}** "It is therefore clear Applicant, who otherwise has no interest in the instant Estate, 'is not suitable or competent' to be appointed."

**{¶20}** On October 10, 2013, the trial court issued an entry appointing Mary Stokes as the Administrator of the Estate of Esther Weeks, and issuing Letters of Authority. The entry was not signed by the trial court judge, but was rubber stamped, and initialed by a deputy clerk.

**{¶21}** This Court addressed the issue raised herein in *Flores v. Porter*, 2007-Ohio-481,

**{¶22}** "In the case sub judice, the March 30, 2006, judgment entry was not signed by the trial judge, but rather, was rubber-stamped with the trial judge's signature. However, a rubber-stamp signature is not sufficient to comply with Civ. R. 58(A).

**{¶23}** "The issue of a rubber-stamp signature was addressed by the Eighth District Court of Appeals in the case of *In re Mitchell* (1994), 93 Ohio App.3d 153, 637 N.E.2d 989: 'This court will not accept a rubber stamp in lieu of a judge's signature. Civ.R. 58(A) clearly mandates that once a decision has been announced, the court shall cause the judgment to be prepared and sign the judgment. As the judgment entry was not signed by the trial court, it is not a final appealable order, and is invalid for appellate purposes.' *Id.* at 154.

**{¶24}** "The *Mitchell* court based its decision in part on the Twelfth District Court of Appeals case of *Brackmann Communications, Inc. v. Ritter* (1987), 38 Ohio App.3d 107, 526 N.E .2d 823, in which the court found that a judgment entry that was not signed by the trial judge was not a final appealable order. The *Brackmann* court stated:

**{¶25}** "'... simply because the amount in controversy is not large does not justify abandoning basic procedural formalities. Whether it be a county or common pleas court, a basic tenet of Ohio jurisprudence remains that a court speaks only through its journal ... Whether it be a county court or a common pleas court, the Ohio Rules of Civil Procedure, including Civ.R. 58, must be followed and obeyed where they are applicable.' *Id.* at 109. The *Brackmann* court thus held: 'In all civil cases appealed to this court, therefore, a formal final journal entry or order must be prepared which contains the following: 1. the case caption and number; 2. a designation as a decision or judgment entry or both; 3. a clear pronouncement of the court's judgment and its

rationale if the entry is combined with a decision or opinion; 4. *the judge's signature;* 5. a time stamp indicating the filing of the judgment with the clerk for journalization; and, 6. where applicable, a Civ.R. 54(B) determination and Civ.R. 54(B) language." (Underlining added.) *Id.* at 109.

**{¶26}** "*In re Mitchell* was followed by the court in the case of *In the Matter of Carolyn Wheaton* (Dec. 5, 1996), Cuyahoga App. No. 68568, 1996 WL 695664, in which the court dismissed the appeal for lack of a final, appealable order because the trial judge's signature was rubber-stamped on the journal entry. *Id.* at *1.

**{¶27}** "We find the reasoning of the Eighth and Twelfth District Courts of Appeal persuasive. The judgment entry from which the appeal herein is taken does not bear the signature of the trial judge. Rather, the trial judge's signature was rubber-stamped on the judgment entry. It therefore does not comply with Rule 58, and is thus not a final appealable order."

**{¶28}** Ohio Civil Rule 58(A) reads,

**{¶29}** "(A) Preparation; entry; effect; approval

**{¶30}** "(1) Subject to the provisions of Rule 54(B), upon a general verdict of a jury, *upon a decision announced*, or upon the determination of a periodic payment plan, the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it upon the journal. A judgment is effective only when entered by the clerk upon the journal." (Emphasis added.)

**{¶31}** Although the appointment of fiduciary and issuance of Letters of Authority are usually routine administerial acts, we find where, as here, objections to the application for authority to administer the estate are filed and a hearing is held thereon,

the subsequent appointment of the fiduciary and issuance of Letters of Authority constitutes a judicial determination requiring a judge's signature.[4]

**{¶32}** We find the trial court's October 10, 2013 Entry Appointing Fiduciary and issuing Letters of Authority as filed is invalid; therefore not a final appealable order.[5]

**{¶33}** Accordingly, the within appeal is hereby dismissed for want of jurisdiciton.

By: Hoffman, P.J.

Gwin, J. and

Wise, J. concur

---

[4] The trial court's later signature in the Judgment Entry requiring bond does not eliminate the need for a signature on the Judgment Entry appointing the fiduciary and issuing the Letters of Authority. However, we find the trial court's stamped signature of the notice of hearing does not render the notice invalid.

[5] Based on the above, we find it premature to rule on the merits of Appellants' underlying objections.