[Cite as *Miller v. Miller*, 2011-Ohio-2649.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


BETH MILLER                              :     JUDGES:
                                         :
                                         :     Hon. Sheila G. Farmer, P.J.
             Plaintiff-Appellant         :     Hon. Julie A. Edwards, J.
                                         :     Hon. Patricia A. Delaney, J.
-vs-                                     :
                                         :     Case No. 10 CAF 09 0074
NORMAN MILLER                            :
                                         :
                                         :
             Defendant-Appellee          :     O P I N I O N


CHARACTER OF PROCEEDING:          Appeal from the Delaware County Court of
                                  Common Pleas, Domestic Relations
                                  Division, Case No. 04DR A 09 434


JUDGMENT:                         REVERSED AND REMANDED


DATE OF JUDGMENT ENTRY:           May 26, 2011


APPEARANCES:

For Appellant:                         For Appellee:

ELIZABETH N. GABA                      DAVID GORDON
1231 E. Broad St.                      40 N. Sandusky St.
Columbus, OH 43205                     Suite 300
                                       Delaware, OH 43015

*Per Curiam*

{¶1}    Plaintiff-Appellant, Beth Miller (nka Knece), appeals the August 19, 2010 decision of the Delaware County Court of Common Pleas, Domestic Relations Division.

## STATEMENT OF THE FACTS AND CASE

{¶2}    Appellant and Defendant-Appellee, Norman Miller, were married on April 28, 1990.  One child was born as issue of the marriage on September 9, 1990.

{¶3}    On September 29, 2004, Appellant filed a complaint for divorce against Appellee.  Appellee filed an answer and counterclaim.  The matter proceeded before a magistrate of the Domestic Relations Division.

{¶4}    The trial court docket shows the case was set for a settlement conference on December 21, 2004.  On December 27, 2004, a document was filed with the trial court with the handwritten title, "Memorandum of Agreement."  Underneath the words "Memorandum of Agreement" is a typewritten title, "AGREED JUDGMENT ENTRY (DECREE OF DIVORCE)."  The body of the document is typed but it also contains handwritten interlineations initialed by the parties.  The document is signed by the parties and the counsel for the parties.  The document contains a signature line for the trial court judge assigned to the case.  The signature line shows a signature of the "[trial court judge/initials of magistrate]".  A Shared Parenting Plan and a guidelines worksheet were also docketed on December 27, 2004.  That document also contains the same signature.

{¶5}    On October 14, 2005, the trial court issued a *sua sponte* entry captioned "Judgment Entry Decree of Divorce."  The judgment entry states:

{¶6}    "The Court, <u>sua sponte</u> hereby adopts and incorporates the document filed December 27, 2004 titled, 'Memorandum of Agreement' as an Agreed Judgment Entry (Decree of Divorce) as a final Journal Entry, Decree of Divorce."

{¶7}    The judgment entry contains the same signature.

{¶8}    Since the divorce, both parties have remarried.

{¶9}    In March 2007, Appellee moved to amend the shared parenting plan and recalculate child support.  The parties resolved the issues by agreed entries in July 2007.

{¶10}   On January 21, 2009, Appellant filed a motion for relief from the October 14, 2005 Judgment Entry Decree of Divorce and moved to vacate the December 27, 2004 Memorandum of Agreement, both pursuant to Civ.R. 60(B).  Appellant argued in the motion that the trial court improperly adopted the Memorandum of Agreement without following the procedures of Civ.R. 53.  Appellant further argued that the December 27, 2004 Memorandum of Agreement and the October 14, 2005 Judgment Entry Decree of Divorce should be vacated pursuant to Civ.R. 60(B)(4) and 60(B)(5).

{¶11}   Appellee filed a Motion to Show Cause on April 7, 2009 for Appellant to show cause as to why she had not complied with a property division found in the Memorandum of Agreement.

{¶12}   After a further review of the file, Appellant filed a "Motion to Vacate the 'Judgment Entry Decree of Divorce' and to Strike the 'Agreed Judgment Entry (Decree of Divorce)' for Cause Shown Herein", on April 10, 2009.  The basis of Appellant's motion was that the December 27, 2004 Memorandum of Agreement and October 14, 2005 Judgment Entry Decree of Divorce were signed by the magistrate on behalf of the

trial court judge.  Appellant argued in her motion that because the magistrate signed the October 14, 2005 Judgment Entry Decree of Divorce for the judge, the Decree of Divorce was a void judgment and was not a final, appealable order.

{¶13}   The matter came on for hearing before a different magistrate on April 14, 2009.  The issues before the magistrate were: (1) Appellee's motion to show cause, (2) Appellant's Civ.R. 60(B) motion, and (3) Appellant's motion to vacate and strike.  At the hearing, Appellant withdrew her Civ.R. 60(B) motion without prejudice to re-filing and chose to proceed only on her motion to vacate and strike the December 27, 2004 and October 14, 2005 entries based on the signatures on the entries.  The magistrate set Appellee's motion to show cause and Appellant's motion to vacate and strike for an evidentiary hearing on July 27, 2009.  A Magistrate's Order memorializing these issues was filed on April 15, 2009.

{¶14}  On July 20, 2009, Appellant served a subpoena upon the trial court judge to testify at the July 27, 2009 evidentiary hearing.  The trial court judge filed a Motion to Quash the Subpoena.  He also submitted an affidavit with the following statements:

{¶15}  "* * *

{¶16}  "[The magistrate] was duly appointed as Magistrate to conduct all Domestic Relations proceedings;

{¶17}  "As Domestic Relations' Magistrate, she was given authority only to sign my name to all judgment entries that were agreed to and approved by the parties;

{¶18}  "* * *"

{¶19}   An evidentiary hearing was held before the magistrate on July 27, 2009 and a decision was issued on January 26, 2010.  At issue before the magistrate was the

validity of the December 27, 2004 and October 14, 2005 entries and Appellee's motion to show cause. The magistrate reviewed the procedural history of the case and determined the Memorandum of Agreement and Judgment Entry Decree of Divorce were valid entries. He concluded that the contested entries complied with Civ.R. 53 and it was within the judge's authority to delegate the duty of signing his name to agreed judgment entries to the magistrate. Further, because the parties relied on the entries for their own individual purposes such as remarrying and that the case had been reopened in 2007 without issue as to the entries, the magistrate found that the parties waived any objection they may have to the validity of the entries.

{¶20} In the Magistrate's Decision, the magistrate went on to complete a Civ.R. 60(B) analysis of Appellant's original January 21, 2009 motion, although Appellant had withdrawn that motion. The magistrate denied Appellant's 60(B) motion. The magistrate also denied Appellee's motion to show cause.

{¶21} Appellant filed objections to the Magistrate's Decision. On August 19, 2010, the trial court approved the Magistrate's Decision and overruled Appellant's objections.

{¶22} It is from this decision Appellant now appeals.

## ASSIGNMENTS OF ERROR

{¶23} Appellant raises four Assignments of Error:

{¶24} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN FINDING THAT THE JUDGMENT ENTRY WAS ENFORCEABLE BECAUSE THE ENTRY DID NOT ADHERE TO THE MANDATES OF CIV.R. 58.

{¶25} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN FINDING THAT THE JUDGMENT ENTRY WAS ENFORCEABLE AND A FINAL APPEALABLE ORDER BECAUSE THE JUDGMENT ENTRY DID NOT ADHERE TO THE MANDATES OF CIV.R. 53.

{¶26} "III. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY NOT DETERMINING THAT THE ALTERATION OF THE THEN-TITLED 'MEMORANDUM OF AGREEMENT' TO SAY 'AGREED JUDGMENT ENTRY DECREE OF DIVORCE' CAUSED THE MEMORANDUM TO NO LONGER EXIST IN THE COURT FILE, AND FURTHER BY NOT DETERMINING THAT THE NOW ALTERED DOCUMENT NEWLY CALLED 'AGREED JUDGMENT ENTRY (DECREE OF DIVORCE)' WAS NEVER FILED, AS IT WAS ABSENT FROM THE DOCKET OF THE COURT.

{¶27} "IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BECAUSE [THE JUDGE] SHOULD HAVE RECUSED HIMSELF FROM PRESIDING OVER THIS MATTER BECAUSE HE WAS CALLED AS A MATERIAL WITNESS TO TESTIFY ABOUT FACTS IN THE CASE, AND HE TESTIFIED BY AFFIDAVIT.  IT WAS PLAIN ERROR FOR HIM TO RULE ON APPELLANT'S OBJECTIONS."

**I., II.**

{¶28} We consider Appellant's first and second Assignments of Error simultaneously because we find them to be dispositive of this appeal.  Appellant argues that the trial court erred in adopting the Magistrate's Decision that found the October 14, 2005 Judgment Entry Decree of Divorce was a final, appealable order because the entry fails to comply with Civ.R. 53 and Civ.R. 58.  We agree.

{¶29}  At issue in this case is the October 14, 2005 Judgment Entry Decree of Divorce.  The trial court judge attested that the magistrate was given authority to sign the judge's name to all judgment entries that were agreed to and approved by the parties.  The underlying December 27, 2004 Memorandum of Agreement giving rise to the October 14, 2005 Judgment Entry Decree of Divorce was an agreed entry, signed by the parties and their counsel.  On October 14, 2005, the trial court filed a *sua sponte* Decree of Divorce.  A review of that entry shows that the magistrate signed the judge's name to the document and initialed the signature with her initials.

{¶30}  The October 14, 2005 entry, as a Final Decree of Divorce, is a judgment because it terminates the case or controversy the parties have submitted to the trial court for resolution.  *Harkai v. Scherba Industries, Inc.* (2000), 136 Ohio App.3d 211, 736 N.E.2d 101;  *Aguirre v. Sandoval*, Stark App. No. 2010CA00001, 2010-Ohio-6006.  Judgments that determine the merits of the case and make an end to it are generally final, appealable orders.  *Harkai*, supra.  There is no differentiation between an "agreed judgment" and "judgment" for purposes of finality.  Appellate courts are given the jurisdiction to review the final orders or judgments of lower courts within their appellate districts.  Section 3(B)(2), Article IV, Ohio Constitution.  For a judgment to be final and appealable, however, it must satisfy not only the requirements of R.C. 2505.02, and if applicable, Civ. R. 54(B), but also Civ.R. 58.  Civ.R. 58(A) states,

{¶31}  "Subject to the provisions of Rule 54(B), upon a general verdict of a jury, upon a decision announced, * * *, the court shall promptly cause the judgment to be prepared and, *the court having signed it*, the clerk shall thereupon enter it upon the

journal. A judgment is effective only when entered by the clerk upon the journal." (Emphasis added.)

{¶32} At issue in the present case is whether the October 14, 2005 Judgment Entry Decree of Divorce complies with Civ.R. 58. Upon our review of the relevant case law and the rules of practice and procedure, we find it does not.

{¶33} "Where a matter is referred to a magistrate, the magistrate and the trial court must conduct the proceedings in conformity with the powers and procedures conferred by Civ.R. 53. 'Magistrates are neither constitutional nor statutory courts. Magistrates and their powers are wholly creatures of rules of practice and procedure promulgated by the Supreme Court.'" *Yantek v. Coach Builders Limited, Inc.*, Hamilton App. No. C-060601, 2007-Ohio-5126, ¶9, citing *Quick v. Kwiatkowski*, Montgomery App. No. 18620, 2001-Ohio-1498, citing Sec. 5(B), Art. IV, Ohio Constitution.

{¶34} Civ.R. 53 does not permit magistrates to enter judgments. This is the function of the judge, not the magistrate. *Brown v. Cummins* (1997), 120 Ohio App.3d 554, 555, 698 N.E.2d 501; *In re K.K.*, Summit App. No. 22352, 2005-Ohio-3112, at ¶17; *Harkai v. Scherba Industries, Inc.* (2000), 136 Ohio App.3d 211, 217-218, 736 N.E.2d 101; *Kidd v. Higgins* (Mar. 29, 1996), Lake App. No. 95-L-112.

{¶35} The exercise of the magistrate's powers under Civ.R. 53 is intended only to "assist courts of record." *Yantek*, supra at ¶10. "A magistrate's oversight of an issue or issues, even an entire trial, is not a *substitute* for the [trial court's] judicial functions but only an *aid* to them.' '[E]ven where a jury is the factfinder [in a proceeding before a magistrate], the trial court remains as the ultimate determiner' of the case. It is the

primary duty of the trial court, and not the magistrate, to act as the judicial officer." Id. citing *Hartt v. Munobe*, 67 Ohio St.3d 3, 6, 1993-Ohio-177, 615 N.E.2d 617.

{¶36} One of the acts of the judicial officer is found in Civ.R. 58 where it states the court must sign the judgment. This Court examined Civ.R. 58 in an almost similar situation to the present case where a judgment entry was rubber-stamped with the trial judge's signature. In *Flores v. Porter*, Richland App. No. 2006-CA-42, 2007-Ohio-481, we found that the judge's rubber-stamped signature on a judgment entry did not comply with the requirement in Civ.R. 58 that the court must sign the entry, therefore rendering the entry not a final, appealable order. We cited to our brethren in the Twelfth District Court of Appeals in so holding:

{¶37} "The *Mitchell* court based its decision in part on the Twelfth District Court of Appeals case of *Brackmann Communications, Inc. v. Ritter* (1987), 38 Ohio App.3d 107, 526 N.E .2d 823, in which the court found that a judgment entry that was not signed by the trial judge was not a final appealable order. The *Brackmann* court stated:

{¶38} "'... simply because the amount in controversy is not large does not justify abandoning basic procedural formalities. Whether it be a county or common pleas court, a basic tenet of Ohio jurisprudence remains that a court speaks only through its journal ... Whether it be a county court or a common pleas court, the Ohio Rules of Civil Procedure, including Civ.R. 58, must be followed and obeyed where they are applicable.' *Id.* at 109. The *Brackmann* court thus held: 'In all civil cases appealed to this court, therefore, a formal final journal entry or order must be prepared which contains the following: 1. the case caption and number; 2. a designation as a decision or judgment entry or both; 3. a clear pronouncement of the court's judgment and its

rationale if the entry is combined with a decision or opinion; 4. *the judge's signature;* 5. a time stamp indicating the filing of the judgment with the clerk for journalization; and, 6. where applicable, a Civ.R. 54(B) determination and Civ.R. 54(B) language.' (Underlining added.)  Id. at 109."  Id. at ¶11-12.

{¶39}  In *Peters v. Arbaugh*, (1976), 50 Ohio App.2d 30, 361 N.E.2d 531, the Tenth District Court of Appeals examined a judgment entry where the issue was whether a final, appealable order existed pursuant to Civ.R. 58.  Judge Alba Whiteside wrote in his concurrence:

{¶40}  "* * * Civ.R. 58 provides that '* * * the court shall promptly cause the judgment to be prepared and, the court having signed it, the clerk shall thereupon enter it.  A judgment is effective only when filed with the clerk for journalization.  * * *' (Emphasis added.)

{¶41}  "It is my view, as we originally held herein, that there can be no judgment unless and until it is signed by the court, that is by the judge personally.  The affixing of the judge's name by some unknown person who then initials the 'signature' cannot meet the requirement by Civ.R. 58 that the court sign the judgment.  The purpose of this requirement is obvious.  There need be a clear and unequivocal indication in the record that the action is that of the judge.  An initialed 'signature' does not furnish that degree of clarity and certainty that is required.  This is especially true where the decision and judgment are contained in a single writing since there is no prior indication either orally in open court or by a writing of the court's decision with which the initialed signature judgment can be compared to ascertain whether or not the judgment truly constitutes the action of the judge."

{¶42} The January 26, 2010 Magistrate's Decision, in denying Appellant's Motion to Vacate and Strike, concluded that the trial court is permitted to delegate the duty of signing a judgment to the magistrate. Pursuant to the dictates of Civ.R. 53 and Civ.R. 58, we find this conclusion to be in error. A court may not supersede the Rules of Civil Procedure to give authority to a magistrate to sign the judge's name to a judgment. We further find that under the confines of Civ.R. 53 and Civ.R. 58, there is no differentiation between an "agreed judgment" and a "judgment." Therefore, in this case, the October 14, 2005 Judgment Entry Decree of Divorce is not a final, appealable order because it is not signed by the court pursuant to Civ.R. 58.

{¶43} We hereby sustain Appellant's first and second Assignments of Error that the trial court erred in finding that the October 14, 2005 Judgment Entry Decree of Divorce is a final, appealable judgment.

{¶44} We also note that the Magistrate's Decision also ruled upon the merits of Appellant's Civ.R. 60(B) motion to vacate the October 14, 2005 judgment based on Civ.R. 60(B)(4) and 60(B)(5). We find any conclusions on Appellant's Civ.R. 60(B) motion to be premature because (1) Appellant withdrew that motion on April 15, 2009 and it was not before the court and (2) there was no final judgment from which a Civ.R. 60(B) proceeding could rise.

{¶45} We find it unnecessary to address Appellant's remaining Assignments of Error based on our holding above.

{¶46} The August 19, 2010 decision of the Delaware County Court of Common Pleas, Domestic Relations Division is reversed and the matter is remanded to the trial

court for further proceedings to enter a Final Decree of Divorce so that Appellant can proceed on her arguments based on the underlying Memorandum of Agreement.

Farmer, P.J.

Edwards, J. and

Delaney, J. concur.

_____
HON. SHEILA G. FARMER


_____
HON. JULIE A. EDWARDS


_____
HON. PATRICIA A. DELANEY

[Cite as *Miller v. Miller*, 2011-Ohio-2649.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BETH MILLER | : | |
| | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| NORMAN MILLER | : | |
| | : | |
| | : | Case No. 10 CAF 09 0074 |
| Defendant-Appellee | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Delaware County Court of Common Pleas, Domestic Relations Division is reversed and remanded. Costs assessed to be split equally between Appellant and Appellee.

_____
HON. SHEILA G. FARMER

_____
HON. JULIE A. EDWARDS

_____
HON. PATRICIA A. DELANEY