[Cite as *Miller v. Miller*, 2012-Ohio-4543.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | JUDGES: |
| BETH MILLER (nka KNECE) | : | Patricia A. Delaney, P.J. |
| | : | William B. Hoffman, J. |
| Plaintiff-Appellant | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 11 CAF 07 0062 |
| | : | |
| | : | |
| NORMAN MILLER | : | O P I N I O N |
| | | |
| Defendant-Appellee; and | | |


REBECCA S. NELSON-MILLER,
Administrator of the Estate of Norman
Leslie Miller


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from Delaware County Court of Common Pleas, Domestic Relations Division, Case No. 04DR A 09 434 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | September 28, 2012 |

APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellant | For Defendant-Appellee |
| ELIZABETH N. GABA | DAVID GORDON |
| 1231 East Broad Street | 40 N. Sandusky Street, Suite 300 |
| Columbus, Ohio 43205 | Delaware, Ohio 43015 |

*Edwards, J.*

**{¶1}** Plaintiff-appellant, Beth Miller (nka Knece), appeals from the June 7, 2011, Judgment Entry of the Delaware County Court of Common Pleas, Domestic Relations Division.

<u>STATEMENT OF THE FACTS AND CASE</u>

**{¶2}** Appellant and appellee Norman Miller, were married on April 28, 1990. One child was born as issue of the marriage on September 9, 1990.

**{¶3}** On September 29, 2004, appellant filed a complaint for divorce against appellee. Appellee filed an answer and counterclaim. The matter proceeded before a magistrate of the Domestic Relations Division.

**{¶4}** The trial court docket shows the case was set for a settlement conference on December 21, 2004. On December 27, 2004, a document was filed with the trial court with the handwritten title, "Memorandum of Agreement." Underneath the words "Memorandum of Agreement" is a typewritten title, "*AGREED JUDGMENT ENTRY* (DECREE OF DIVORCE)." The body of the document is typed but it also contains handwritten interlineations initialed by the parties. The document is signed by the parties and the counsel for the parties. The document contains a signature line for the trial court judge assigned to the case. The signature line shows a signature of the "[trial court judge/initials of magistrate]". A Shared Parenting Plan and a guidelines worksheet were also docketed on December 27, 2004. That document also contains the same signature.

**{¶5}** On October 14, 2005, the trial court issued a *sua sponte* entry captioned "Judgment Entry Decree of Divorce." The judgment entry states:

{¶6} "The Court, *sua sponte* hereby adopts and incorporates the document filed December 27, 2004 titled, 'Memorandum of Agreement' as an Agreed Judgment Entry (Decree of Divorce) as a final Journal Entry, Decree of Divorce."

{¶7} The judgment entry contains the same signature.

{¶8} Since the divorce, both parties have remarried.

{¶9} In March 2007, appellee moved to amend the shared parenting plan and recalculate child support. The parties resolved the issues by agreed entries in July 2007.

{¶10} On January 21, 2009, appellant filed a motion for relief from the October 14, 2005 Judgment Entry Decree of Divorce and moved to vacate the December 27, 2004, Memorandum of Agreement, both pursuant to Civ.R. 60(B). Appellant argued in the motion that the trial court had improperly adopted the Memorandum of Agreement without following the procedures of Civ.R. 53. Appellant further argued that the December 27, 2004, Memorandum of Agreement and the October 14, 2005, Judgment Entry Decree of Divorce should be vacated pursuant to Civ.R. 60(B)(4) and 60(B)(5).

{¶11} Appellee filed a Motion to Show Cause on April 7, 2009 for appellant to show cause as to why she had not complied with a property division found in the Memorandum of Agreement.

{¶12} After a further review of the file, appellant filed a "Motion to Vacate the 'Judgment Entry Decree of Divorce' and to Strike the 'Agreed Judgment Entry (Decree of Divorce)' for Cause Shown Herein", on April 10, 2009. The basis of appellant's motion was that the December 27, 2004, Memorandum of Agreement and October 14, 2005, Judgment Entry Decree of Divorce were signed by the magistrate on behalf of the trial

court judge. Appellant argued, in her motion, that because the magistrate had signed the October 14, 2005, Judgment Entry Decree of Divorce for the judge, the Decree of Divorce was a void judgment and was not a final, appealable order.

**{¶13}** The matter came on for hearing before a different magistrate on April 14, 2009. The issues before the magistrate were: (1) appellee's motion to show cause, (2) appellant's Civ.R. 60(B) motion, and (3) appellant's motion to vacate and strike. At the hearing, Appellant withdrew her Civ.R. 60(B) motion without prejudice to re-filing and chose to proceed only on her motion to vacate and strike the December 27, 2004, and October 14, 2005, entries based on the signatures on the entries. The magistrate set appellee's motion to show cause and appellant's motion to vacate and strike for an evidentiary hearing on July 27, 2009. A Magistrate's Order memorializing these issues was filed on April 15, 2009.

**{¶14}** On July 20, 2009, appellant served a subpoena upon the trial court judge to testify at the July 27, 2009, evidentiary hearing. The trial court judge filed a Motion to Quash the Subpoena. He also submitted an affidavit with the following statements:

**{¶15}** " * * *

**{¶16}** "[The magistrate] was duly appointed as Magistrate to conduct all Domestic Relations proceedings;

**{¶17}** "As Domestic Relations' Magistrate, she was given authority only to sign my name to all judgment entries that were agreed to and approved by the parties;

**{¶18}** " * * * "

**{¶19}** An evidentiary hearing was held before the magistrate on July 27, 2009, and a decision was issued on January 26, 2010. At issue before the magistrate was the

validity of the December 27, 2004, and October 14, 2005, entries and appellee's motion to show cause. The magistrate reviewed the procedural history of the case and determined the Memorandum of Agreement and Judgment Entry Decree of Divorce were valid entries. He concluded that the contested entries complied with Civ.R. 53 and it was within the judge's authority to delegate the duty of signing his name to agreed judgment entries to the magistrate. Further, because the parties had relied on the entries for their own individual purposes such as remarrying and that the case had been reopened in 2007 without issue as to the entries, the magistrate found that the parties had waived any objection they may have to the validity of the entries.

**{¶20}** In the Magistrate's Decision, the magistrate went on to complete a Civ.R. 60(B) analysis of appellant's original January 21, 2009, motion, although appellant had withdrawn that motion. The magistrate denied appellant's 60(B) motion. The magistrate also denied appellee's motion to show cause.

**{¶21}** Appellant filed objections to the Magistrate's Decision. On August 19, 2010, the trial court approved the Magistrate's Decision and overruled appellant's objections. Appellant then appealed.

**{¶22}** Pursuant to an Opinion filed on May 26, 2011 in *Miller v. Miller*, 5th Dist. No. 10 CAF 09 0074, 2011-Ohio-2649, this Court held that, the October 14, 2005 Judgment Entry Decree of Divorce was not a final, appealable order because it was not signed by the trial court pursuant to Civ.R. 58. We ordered that the matter be remanded to the trial court for further proceedings to enter a Final Decree of Divorce.

**{¶23}** In a Judgment Entry filed on June 7, 2011, the trial court, stated, in relevant part, as follows:

**{¶24}** "On December 27, 2004 a Final Shared Parenting Decree was signed under authority from the undersigned Judge.  On October 14, 2005 a Final Judgment of Divorce was signed under authority from the undersigned Judge, incorporating the parties complete Memorandum of Divorce filed on December 27, 2004 and granting the divorce.  Further the Parties' Agreed Post Decree Judgment Entry filed July 31, 2007 pertaining to parental rights and responsibilities was singed under authority from the undersigned Judge."

**{¶25}** "This judge delegated authority to the Magistrate for signature and filing on each of the dates time-stamped thereon.  Pursuant to the Remand, and upon review of the Record, the undersigned Judge hereby substitutes his original signature below for each of these above orders, effective the date of the original filing date for each thereof, and as if fully signed in the previous entry.

**{¶26}** "WHEREFORE IT IS HERBY ORDERED ADJUDGED AND DECREED that the parties are hereby granted a Divorce, effective 10/14/2005, under the terms and conditions as contained in the Parties own memorandum of agreement filed on December 27, 2004, and is incorporated herein.

**{¶27}** "IT IS FURTHER ORDERED that the Court has approved and Orders the terms of the Agreed Post Decree Judgment Entry filed July 31, 2007, effective that date of filing, and the original signature below substitutes for the signature in that Entry."

**{¶28}** Appellant now appeals from the trial court's June 7, 2011 Judgment Entry, raising the following assignment of error:

**{¶29}** "THE TRIAL COURT ABUSED ITS DISCRETION TO THE DETRIMENT OF APPELLANT BY SIGNING A DIVORCE DECREE 17 MONTHS AFTER THE

DEATH OF DEFENDANT WHEN IT SHOULD HAVE DETERMINED THAT THE PARTIES' DIVORCE ACTION WAS UNFINISHED AT THE TIME OF DEFENDANT'S DEATH AND ABATED UPON THE DEATH OF DEFENDANT-APPELLEE."

I

**{¶30}** Appellant, in her sole assignment of error, argues that the trial court erred in signing the June 7, 2011, Judgment Entry. Appellant specifically argues that appellee died on January 25, 2010, and that the trial court should have determined that the parties' divorce action was unfinished and abated at the time of his death.

**{¶31}** Appellant, in support of her argument, notes that this Court, in our May 26, 2011, Opinion, held that the October 14, 2005, Judgment Entry Decree of Divorce was not a final, appealable order because it was not signed by the trial court pursuant to Civ.R. 58. Appellant argues, therefore, that there was no Divorce Decree in effect at the time of appellee's death on January 25, 2010, and that trial court erred in entering the June 7, 2011, Judgment Entry.

**{¶32}** However, the Ohio Supreme Court, on June 27, 2012, in *Miller v. Nelson-Miller* 132 Ohio St.3d 381, 2012-Ohio-2845, 972 N.E.2d 568, reversed the decision of this Court and held that the lack of a valid signature on the 2005 Divorce Decree was an irregularity that had no bearing on the subject-matter jurisdiction of the trial court and rendered the judgment voidable rather than void. The Ohio Supreme Court, in its Opinion, stated, in relevant part, as follows: "In a court that properly has jurisdiction over the subject matter and the parties, the court's noncompliance with the ministerial duties of Civ.R. 58(A) renders the judgment voidable and not void. Neither party sought any timely objection or appeal from the 2005 divorce decree, and we hold that the appellee's

attempted collateral attack on the trial court's voidable judgment entry in 2009 was untimely and improper." Id at paragraph 20. The Ohio Supreme Court reinstated the trial court's 2005 Judgment Entry Decree of Divorce.

{¶33} Based on the decision of the Ohio Supreme Court in *Miller*, supra, the 2005 Decree of Divorce was a valid final, appealable order. The Decree was filed before appellee's death and, therefore, the divorce did not abate upon his death.

{¶34} Appellant's sole assignment of error is, therefore, overruled.

{¶35} Accordingly, the judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Edwards, J.

Delaney, P.J. and

Hoffman, J. concur

_____

_____

_____

                                                                        JUDGES

JAE/d0703

[Cite as *Miller v. Miller*, 2012-Ohio-4543.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| BETH MILLER (nka KNECE) | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| NORMAN MILLER | : | |
| | : | |
| Defendant-Appellee; and | : | |
| | : | |
| | : | |
| REBECCA S. NELSON-MILLER, | : | CASE NO. 11 CAF 07 0062 |
| Administrator of the Estate of Norman | : | |
| Leslie Miller | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES