[Cite as *Blue v. Blue*, 2012-Ohio-4777.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| ALLAN M. BLUE | : | JUDGES: |
|  | : | W. Scott Gwin, P.J. |
|  | : | Sheila G. Farmer, J. |
| Appellant-Petitioner | : | Julie A. Edwards, J. |
|  | : |  |
| -vs- | : | Case No. 11 CAF 10 0101 |
|  | : |  |
|  | : |  |
| JOYCE M. BLUE | : | O P I N I O N |
| Appellee-Petitioner |  |  |

|  |  |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from Delaware County Court of Common Pleas, Domestic Relations Division, Case No. 05 DS D 10 0470 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 8, 2012 |
| APPEARANCES: | |

For Appellant-Petitioner

ALLAN M. BLUE
100 Old Wilson Bridge Road, Suite 214
Worthington, Ohio 43085

For Appellee-Petitioner

GARY J. GOTTFRIED
608 Office Parkway, Suite B
Westerville, Ohio 43082

*Edwards, J.*

{¶1} Defendant-appellant, Allan Blue, appeals from the October 5, 2011, Judgment Entry of the Delaware County Court of Common Pleas, Domestic Relations Division that reaffirmed the trial court's approval of the parties' Dissolution Decree.

## STATEMENT OF THE FACTS AND CASE

{¶2} Appellant Allan Blue and appellee Joyce Blue were married on December 22, 1979. No children were born as issue of such marriage.

{¶3} On October 19, 2005, appellee filed a complaint for divorce against appellant. On August 22, 2006, a Decree of Dissolution of Marriage was filed that approved and incorporated the parties' Separation Agreement. The Decree, which was signed by the parties and counsel for the parties, was not actually signed by the trial court judge. Rather, the Magistrate signed the trial court judge's name and then put the magistrate's initials after the signature.

{¶4} On May 26, 2011, this Court issued our decision in *Miller v. Miller*, 5th Dist. No. 10 CAF 09 0074, 2011-Ohio-2649, also a Delaware County case. In such case, this Court held that a Judgment Entry Decree of Divorce upon which the magistrate had signed the judge's name and then initialed the signature with her own initials was not a final, appealable order because it was not signed by the trial court pursuant to Civ.R. 58.

{¶5} In response to the *Miller* case, the trial court, in the case sub judice, on October 5, 2011, issued a "Judgment Entry Reaffirming Approval of Dissolution Decree." The trial court, in such Entry stated as follows: "The above-captioned case

contains an Agreed Decree of Dissolution that was signed pursuant to delegated authority.

{¶6}    "The judge granted specific authority to the Magistrate to sign his name on those entries where the parties agreed, and to file each on the dates time-stamped thereon.  Upon review of the Case Record, the prior approval is reaffirmed effective the date of the original filing of August 22, 2006.

{¶7}    "WHEREFORE IT IS HEREBY ORDERED ADJUDGED AND DECREED that pursuant to the review of the Record, the undersigned Judge hereby substitutes his original signature below for the delegated signature on the Agreed Decree Dissolution of Marriage; under the same terms and conditions as contained in the incorporated Agreed Decree of August 22, 2006, and effective date of the original filing. The parties are granted a Dissolution under the original date of filing of the Decree of Dissolution of August 22, 2006."

{¶8}    Appellant now appeals from the October 5, 2011 Judgment Entry, raising the following assignments of error:

{¶9}    "I. THE TRIAL COURT ERRED WHEN IT ENTERED THE DECREE OF DISSOLUTION AS A FINAL APPEALABLE ORDER BECAUSE THE ENTRY DID NOT ADHERE TO THE MANDATES OF CIV.R. 58.

{¶10}    "II. THE TRIAL COURT ERRED WHEN IT ENTERED THE DECREE OF DISSOLUTION AS A FINAL APPEALABLE ORDER BECAUSE THE ENTRY DID NOT ADHERE TO THE MANDATES OF CIV.R. 53.

{¶11}    "III. THE TRIAL COURT ERRED WHEN IT ENTERED A JUDGMENT ENTRY REAFFIRMING APPROVAL OF THE DISSOLUTION DECREE AS A

JUDGMENT ENTRY BECAUSE THE DISSOLUTION DECREE DID NOT ADHERE TO THE MANDATES OF CIV.R. 58.

{¶12} "IV. THE TRIAL COURT ERRED WHEN IT ENTERED THE JUDGMENT ENTRY REAFFIRMING APPROVAL OF THE DISSOLUTION WITHOUT NOTICE TO THE PARTIES AND WITHOUT CONDUCTING AN EVIDENTIARY HEARING.

{¶13} "V. THE TRIAL COURT ERRED WHEN IT ENTERED A JUDGMENT ENTRY FINDING THAT THE DECREE IN THE FLORIDA COURT WAS RES JUDICATA BECAUSE THE ENTRY THE FLORIDA COURT WAS TRYING TO ENFORCE WAS NOT A FINAL APPEALABLE ORDER."

I, II

{¶14} Appellant, in his first and second assignments of error, argues that the August 22, 2006, Decree of Dissolution of Marriage was not a final, appealable order because it did not adhere to the mandates of Civ.R. 58 or 53. Appellant specifically argues that the August 22, 2006 Decree was not a final appealable order because it was not signed by the trial court, but rather was signed by the Magistrate who signed the trial court judge's name and then placed the magistrate's initials after the signature. Appellant also argues that the Magistrate did not have authority under Civ.R. 53 to do so.

{¶15} On June 27, 2012, the Ohio Supreme Court, in *Miller v. Nelson-Miller*, 132 Ohio St.3d 381, 2012-Ohio-2845, 972 N.E.2d 568, held in the syllabus that in a court that properly has jurisdiction over the subject matter and the parties, the court's noncompliance with the ministerial duties of Civ.R. 58(A) renders that judgment voidable rather than void. The Ohio Supreme Court, in *Miller* held, that "the lack of a

valid signature is an irregularity that has no bearing on the subject matter jurisdiction of the trial court and renders the judgment voidable rather than void." Id. at ¶17. Based on *Miller*, we find that the trial court's August 22, 2006 Decree was voidable. Because appellant did not timely appeal from the August 22, 2006, Decree, we hold that appellant's attempted collateral attack on the trial court's voidable judgment entry in 2011 was untimely and improper. See *Miller*, supra.

{¶16} Appellant's first and second assignments of error are, therefore, overruled.

III, IV

{¶17} Appellant, in his third assignment of error, argues that the trial court erred in entering its October 5, 2011 "Judgment Entry Reaffirming Approval of Dissolution Decree" because the original Decree did not adhere to the mandates of Civ.R. 58. Appellant, in his fourth assignment of error, argues that the trial court erred in entering the October 5, 2011, Judgment Entry without notice to the parties and without conducting an evidentiary hearing.

{¶18} Based on our disposition of appellant's first and second assignments of error, appellant's third and fourth assignments of error are overruled.

V

{¶19} Appellant, in his fifth assignment of error, argues that the trial court erred when it entered a Judgment Entry on March 30, 2011, approving and adopting the Magistrate's Decision of November 16, 2010.

{¶20} After both parties filed motions for contempt against one another, a hearing before the Magistrate was held in June of 2010. Appellant, in his motion, had

alleged that appellee violated the parties' Separation Agreement by failing to live in and maintain real property located in Coral Gables, Florida.

**{¶21}** The Magistrate, in his November 16, 2010, Decision, stated, in relevant part, as follows:

**{¶22}** "On December 17, 2009 the Circuit court of the 11th Judicial Circuit in and for Miami Dade County Florida issued a decision which ordered the sale of 625 Puerta Avenue, Coral Gables, Florida. The real estate was sold for $615,000 and the net proceeds from the sale were paid to the Trustee in Bankruptcy for Husband. The same issues, parties and arguments which were before the 11th Judicial Circuit in and for Miami Dade County Florida with regard to the real estate known as 625 Puerta Avenue, Coral Gables, Florida have already been adjudicated by that Court.

**{¶23}** "Therefore, Petitioner Husband's Motion for a Citation in Contempt is **overruled** in accordance with the doctrine of *res judicata*."

**{¶24}** Pursuant to a Judgment Entry filed on March 30, 2011, the trial court approved and adopted the Magistrate's Decision.

**{¶25}** Appellant now argues that because the August 22, 2006, Dissolution Decree was not a final, appealable order, there was no judgment to be enforced in the Florida court. However, as is stated above, the August 22, 2006 Decree was a final, appealable order. Appellant did not timely appeal from the same. Moreover, as noted by appellee in its brief, appellant did not timely appeal from the trial court's March 30, 2011, Judgment Entry. While the trial court's Judgment Entry was filed on March 30, 2011, appellant did not file his Notice of Appeal until October 31, 2011. Appellant's appeal was, therefore, untimely pursuant to App.R. 4(A).

**{¶26}** Appellant's fifth assignment of error is, therefore, overruled.

**{¶27}** Accordingly, the judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Edwards, J.

Gwin, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JAE/d0627

[Cite as *Blue v. Blue*, 2012-Ohio-4777.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ALLAN M. BLUE | : | |
| | : | |
| Appellant-Petitioner | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JOYCE M. BLUE | : | |
| | : | |
| Appellee-Petitioner | : | CASE NO. 11 CAF 10 0101 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, is affirmed.  Costs assessed to appellant.

_____

_____

_____

JUDGES