[Cite as *Henry Contrs., Inc. v. Heidlage*, 2025-Ohio-5832.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

HENRY CONTRACTORS, INC.,  :  APPEAL NO. C-250089
                                                  TRIAL NO. A-2201912

        Plaintiff-Appellant,  :

    vs.  :

                                        *JUDGMENT ENTRY*

TERESA HEIDLAGE,  :

        Defendant-Appellee.  :

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed 50% to appellant and 50% to appellee.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 12/31/2025 per order of the court.**

**By:**_____
        **Administrative Judge**

[Cite as *Henry Contrs., Inc. v. Heidlage*, 2025-Ohio-5832.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

HENRY CONTRACTORS, INC.,      :      APPEAL NO.   C-250089
                                       TRIAL NO.    A-2201912

Plaintiff-Appellant,      :

vs.                         :

                                         *O P I N I O N*

TERESA HEIDLAGE,      :

Defendant-Appellee.      :

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal: December 31, 2025

*Robert G. Kelly*, for Plaintiff-Appellant,

*Hemmer Wessels McMurtry PLLC* and *Todd V. McMurtry*, for Defendant-Appellee.

**Bock, Judge.**

**{¶1}** Both before and after their divorce, defendant-appellee Teresa Heidlage[1] misappropriated more than $400,000 from her ex-husband Henry Heidlage's company, plaintiff-appellant Henry Contractors, Inc., ("Henry Contractors"). A Kentucky court issued a divorce decree ("the Decree") ending Henry and Teresa's marriage and incorporating a separation agreement ("the Separation Agreement"). The Separation Agreement governed the remedy for if either spouse had concealed assets from the other spouse.

**{¶2}** Several months after their divorce, Henry learned of Teresa's theft and Henry Contractors brought this Ohio lawsuit to recover the misappropriated funds. The trial court, relying on res judicata, granted Teresa summary judgment on all claims, holding that they were barred by the Separation Agreement and should have been resolved in the Kentucky divorce proceeding. Henry Contractors now appeals.

**{¶3}** Although we rely on a different justification, the trial court properly dismissed those claims involving money Teresa misappropriated before the Kentucky court issued the Decree. Henry Contractors' claims involving pre-Decree theft asked an Ohio court to reevaluate the distribution of marital assets specifically allocated in the Decree. As such, those claims amount to an impermissible collateral attack on the Kentucky judgment.

**{¶4}** But we come to a different conclusion on Henry Contractors' claims involving funds Teresa stole after the Decree was entered. The Decree did not distribute any funds acquired after the divorce was final, so those assets were not distributed by the Decree. As such, those claims may proceed in the Ohio lawsuit, and

---

[1] Because this case involves Teresa Heidlage and her ex-husband Henry Heidlage, this opinion uses first names.

we remand the cause for further proceedings on those claims only.

## I. *Factual and Procedural History*[2]

### A. *Divorce Proceeding*

**{¶5}** Teresa and Henry were married in 1995. Henry created Henry Contractors, an Ohio corporation. Teresa did not own stock in Henry Contractors, but she worked as its bookkeeper. Henry operated Henry Contractors.

**{¶6}** In 2015, Teresa filed for divorce ("the Divorce Proceeding") in Kentucky. Teresa and Henry filed a Separation Agreement in March 2021. Under the Separation Agreement, Henry agreed to buy Teresa's marital interest in Henry Contractors for a total of $800,000, with $265,717.25 remaining due. Teresa, in turn, agreed to "return any Henry Contractors equipment, assets, documents, etc."

**{¶7}** The Separation Agreement included a "Waiver of Support Rights," in which Henry and Teresa agreed to fully release the other from future claims or spousal support and to accept that the Separation Agreement's distribution satisfied their respective rights and obligations.

**{¶8}** The Separation Agreement's "Financial Disclosure" section provided that if Henry or Teresa had failed to disclose a marital asset, the other party would be entitled to money from the nondisclosing party equal to the asset's fair market value and any income, earnings, or losses derived from the asset. The Financial Disclosure explicitly stated that it took precedence over any section of the Separation Agreement that included a release, satisfaction, or discharge of claims.

**{¶9}** The Kentucky court approved the Separation Agreement and incorporated it into the Decree, which was entered in March 2021.

---

[2] As this case was resolved on Teresa's motion for summary judgment, we view and recite the facts in the light most favorable to Henry Contractors. *See* Civ.R. 56(C).

### B. Theft Allegations

{¶10} Henry asserted that Teresa began paying her personal expenses from Henry Contractors' checking account starting in 2016. Teresa stopped working for Henry Contractors in May 2021. Despite Henry Contractors' multiple requests, Teresa refused to return a Henry Contractors computer and the company's books and financial records.

{¶11} In November 2021, Henry Contractors' new bookkeeper obtained copies of the financial documents Teresa had withheld. Henry Contractors then discovered Teresa's theft. The records demonstrated that Teresa had stolen $419,271.39 from Henry Contractors. Of this amount, she misappropriated $28,800 after the Kentucky court entered the Decree. At no time did Teresa disclose that she was using Henry Contractors' funds for her personal expenses.

{¶12} Henry Contractors sued Teresa in Ohio, asserting claims for theft, recovery for a criminal act under R.C. 2307.60, fraud, unjust enrichment, breach of the implied covenant of good faith and fair dealing, breach of her fiduciary duty, and punitive damages.

{¶13} Teresa moved for summary judgment, arguing that Henry Contractors' claims were barred by res judicata. Henry Contractors opposed the motion, arguing that res judicata did not bar its claims because (1) it was not a party to the divorce proceeding, (2) Teresa's fraud precluded application of res judicata, and (3) Teresa continued misappropriating funds after the Decree was issued. Teresa's reply argued that Henry could return to the Kentucky court to raise any fraud claims.

{¶14} The trial court granted Teresa summary judgment on all of Henry Contractors' claims. It determined that Henry Contractors' claims were barred by res judicata because the claims "all related to the assets of the company and should have

been addressed when the parties were dividing their property during the divorce." The trial court noted that if Henry Contractors believed that "the Divorce Decree was obtained through fraud . . . those claims must be brought in" the Kentucky court.

{¶15}  Henry Contractors appealed.

## II.  Analysis

{¶16}  In its sole assignment of error, Henry Contractors argues that the trial court erred by granting summary judgment to Teresa.

{¶17}  As an initial matter, the parties argue the implications of a Kentucky judgment on litigation in Ohio, but no party addresses the choice-of-law issue lingering in this case. "The party seeking to apply non-Ohio law bears the burden of showing a genuine conflict between Ohio law and the law of the foreign jurisdiction. Where the party seeking application of non-Ohio law fails to demonstrate such a conflict, Ohio law governs." *Great Am. Ins. Co. v. Philadelphia Indemn. Ins. Co.*, 2022-Ohio-1160, ¶ 9 (1st Dist.). Because neither party presented a conflict-of-law argument, we apply Ohio law.

### A.  Standard of review

{¶18}  This court reviews trial courts' summary judgments de novo. *Branson v. Fifth Third Bank, N.A.*, 2025-Ohio-4396, ¶ 28 (1st Dist.).

{¶19}  The trial court properly granted summary judgment in Teresa's favor if (1) no genuine issues of material fact existed, (2) Teresa was entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in Henry Contractors' favor, reasonable minds can only reach a conclusion adverse to Henry Contractors. *Id.* at ¶ 29, citing Civ.R. 56(C).

{¶20}  As the party seeking summary judgment, Teresa bore the initial burden to explain the basis for a summary judgment and to produce admissible evidence

6

demonstrating "'the absence of a genuine issue of material fact on the essential element(s) of [Henry Contractors'] claims.'" *Weckel v. Cole + Russell Architects, Inc.*, 2024-Ohio-5111, ¶ 34 (1st Dist.), quoting *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). If Teresa met her burden, the burden shifted to Henry Contractors to "set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). The trial court was required to grant summary judgment to Teresa if Henry Contractors failed to meet its reciprocal burden. *See Weckel* at ¶ 34.

### B. Some claims seek to collaterally attack the Decree

{¶21} The trial court's summary-judgment decision explained that the Separation Agreement, which the Kentucky court adopted and incorporated into the Decree, specifically provided for the distribution of Henry Contractors' assets. It held that res judicata barred Henry Contractors' claims and stated that modifications of that agreement should be pursued in the Kentucky court.

#### 1. Collateral attacks are disfavored

{¶22} A collateral attack is "'[a]n attack on a judgment in a proceeding other than a direct appeal; esp., an attempt to undermine a judgment through a judicial proceeding in which the ground of the proceeding (or a defense in the proceeding) is that the judgment is ineffective.'" *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 2007-Ohio-5024, ¶ 17, quoting *Black's Law Dictionary* (8th Ed. 2004). Collateral attacks seek to modify ineffective or flawed previous court judgments. *Id.* at ¶ 19. And unlike the doctrine of res judicata, which only applies to parties and their privities, "the collateral-attack doctrine applies to both parties and nonparties." *Id.* at ¶ 35.

{¶23} The law disfavors collateral attacks and permits them in "very limited situations." *Id.* at ¶ 22. A party may collaterally attack a judgment when "the issuing court lacked jurisdiction or when the order was the product of fraud (or of conduct in

the nature of fraud).” *Id.* at ¶ 23, citing *Coe v. Erb*, 59 Ohio St. 259, 271 (1898). In other words, collateral attacks are proper where the prior judgment is void. *Id.* at ¶ 25 (“When a judgment was issued without jurisdiction or was procured by fraud, it is void and is subject to collateral attack.”); *see Miller v. Nelson-Miller*, 2012-Ohio-2845, ¶ 12 (“a judgment is generally void only when the court rendering the judgment lacks subject-matter jurisdiction or jurisdiction over the parties.”); *see also Lewis v. Reed*, 117 Ohio St. 152, 156 (1927) (judgment was precured by fraud and therefore void and subject to collateral attack where a party misled the court to prevent proper service on the other party.); 1970 Staff Note, Civ.R. 60 (“A voidable judgment is, for example, a judgment which is vitiated by fraud.”).

### 2. *Pre-Decree claims constitute collateral attacks*

**{¶24}** This court may affirm a trial court’s judgment on a basis different from the one upon which the trial court relied. *See State v. Hinsch*, 2024-Ohio-4984, ¶ 34 (1st Dist.). Here, we affirm, in part, the trial court’s judgment, but we rely upon the collateral-attack doctrine, rather than res judicata. We hold that Henry Contractors’ claims involving Teresa’s pre-Decree theft amount to an impermissible collateral attack on that judgment and the trial court properly dismissed them.

**{¶25}** The Kentucky court’s judgment rendered Henry Contractors’ assets marital property, so the money that Teresa stole was marital property. The Decree divided Teresa and Henry’s marital assets—including Henry Contractors’ assets. An Ohio court reevaluating the Kentucky court’s division of marital assets is an impermissible collateral attack on the Decree. *See Wyckoff v. Wyckoff*, 2010-Ohio-254, ¶ 12 (10th Dist.) (“A judgment of a court of competent jurisdiction granting a divorce or dissolution in which the proceedings were apparently regular is not subject to collateral attack.”).

**{¶26}** Bolstering this conclusion is the Separation Agreement's "Financial Disclosure" provision, which was incorporated into the final judgment. That provision contemplated future action *through the Kentucky court* if either spouse discovered that the other spouse had concealed assets: "If any material marital asset exists which has not been disclosed by either party, then the other party shall be entitled, as an additional division of property to him or her, to receive an additional amount of money from the other party."

**{¶27}** Clearly, the "Financial Disclosures" provision—and therefore, the Decree—encompasses prospective relief for a spouse's nondisclosure of assets. *See Thomarios v. Thomarios*, 1989 Ohio App. LEXIS 4898, *4 (9th Dist. Dec. 27, 1989) ("[W]here a divorce judgment contains provisions with respect to property rights of an executory nature, the court entering such judgment impliedly reserves continuing jurisdiction to construe, enforce, or implement the rights secured by those provisions.").

**{¶28}** Henry Contractors asserts that because Teresa committed fraud and because the company was unaware of the theft at the time the Decree was entered, the trial court improperly relied on the res-judicata doctrine to grant summary judgment in Teresa's favor. As stated above, we agree that the trial court improperly relied upon res judicata to dismiss Henry Contractors' claims. Instead, those claims are barred by the collateral-attack doctrine.

**{¶29}** Under the circumstances present in this case, we need not determine if the type of fraud in which Teresa engaged is subject to collateral attack. As discussed above, the Kentucky judgment itself specifically governs the manner in which Henry or Teresa could remedy the other's fraudulent nondisclosure of assets. An Ohio court creating a remedy different from that specifically provided in the Kentucky judgment

would constitute an improper collateral attack on that judgment.

{¶30} We hold that Henry Contractors' claims involving Teresa's theft before the Decree was issued are barred by the collateral-attack doctrine.

### C. Claims involving post-Decree theft

{¶31} Henry Contractors also asserted that Teresa stole its assets after the Decree was finalized. Any assets Teresa acquired in the months after the Kentucky court entered the Decree were not divided or distributed by the Decree. As such, adjudicating Henry Contractors' claims involving those funds does not collaterally attack the Decree.

{¶32} The trial court improperly granted summary judgment in Teresa's favor on Henry Contractors' claims involving Teresa's post-Decree theft. Res judicata does not bar claims that did not exist and were not ripe at the time of the first action. *See Weckel*, 2024-Ohio-5111, at ¶ 44 (1st Dist.).

{¶33} We sustain the portion of Henry Contractors' assignment of error addressing funds that Teresa stole after the Kentucky court entered the Decree, and overrule it as to the funds Teresa stole before the Decree was entered.

### III. Conclusion

{¶34} For the forgoing reasons, we reverse the trial court's judgment to the extent it granted Teresa judgment on Henry Contractors' claims involving her misappropriation of assets after the entry of the Decree, and we remand the cause for further proceedings. We affirm the remainder of the trial court's judgment.

Judgment affirmed in part, reversed in part, and cause remanded.

**CROUSE, P.J.,** and **NESTOR, J.,** concur.